PALMER, J.
Gerald Paul Boughton appeals the trial court’s order denying his motion to withdraw his plea. Concluding that the record is unclear whether the trial court properly considered all of the evidence of record in ruling on the motion, we remand this matter to the trial court for clarification or reconsideration.
Boughton was charged with committing the crime of lewd and lascivious molestation and he entered a plea of nolo conten-dere thereto. His adjudication of guilt was withheld and Boughton was placed on three years’ sex offender probation, with standard sex offender conditions.
Boughton subsequently filed a motion to withdraw his plea, asserting that he was not informed that the special conditions of sex offender probation went beyond the standard conditions of probation. Eviden-tiary hearings were held on the motion to withdraw on July 1, 2003 and August 12, 2003. After both of the hearings were concluded, a written order was entered by the trial court denying the motion. On appeal, Boughton argues that the trial court failed to consider and, in fact, forgot about the testimony submitted during the evidentiary hearing on July 1, 2003, because the trial court’s order references only the testimony given at the August 12, 2003 hearing.
We note first that, if the trial court’s ruling is based on the testimony and evidence submitted during both hearings, the ruling is supported by competent, substantial evidence. However, it is unclear from the record whether the trial court properly considered the evidence presented at both evidentiary hearings, since, as Boughton argues, the final order only references the evidence submitted during the August 12, 2003 hearing. Accordingly, we remand to the trial court with directions to either clarify that it considered the evidence from both hearings or, if it did not do so, to consider all such evidence.
VACATED and REMANDED.
SHARP, W. and GRIFFIN, JJ., concur.